872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas E. GIRARD, Plaintiff-Appellant,
v.
CITY OF WALKER, Ronald Van Haver, Roger Kliniak, Defendants-Appellees.
 No. 88-1989.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1989.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Thomas E. Girard appeals from the district court's order dismissing his action with prejudice pursuant to Fed.R.Civ.P. 37(b)(2) for failure to comply with court rules and the court's order regarding his failure to appear at his own deposition.
 
 
 3
 Girard claimed that a Walker city policeman and the police chief harassed him as he was leaving a restaurant. He further claimed that the police used unnecessary force when they later arrested him during a different incident when Girard argued with the owner of a grocery store. Girard sued the City of Walker and two policemen for violating his constitutional rights. He requested damages of more than $1,000,000.
 
 
 4
 Defendants moved for discovery and, in particular, to take plaintiff's deposition in April of 1988. Proof of service was accomplished in respect to this motion on April 13, 1988, following an earlier letter asking plaintiff to make suitable arrangements for said deposition. The magistrate, on June 13, 1988, set a hearing on defendants' motion to compel discovery. Plaintiff failed to appear at the hearing and had no representative present. A further notice of deposition for July 7, 1988, was timely issued and served upon plaintiff by way of a subpoena. The magistrate's order provided that if plaintiff refused to submit to a deposition or failed to appear, the litigation might be dismissed.
 
 
 5
 Without explanation or any objection to the scheduled date, plaintiff failed to appear on July 7, 1988. Defendants moved more than a week later, again with no action having been taken by plaintiff to respond or to explain his absence, to dismiss the complaint and for costs and fees pursuant to Fed.R.Civ.P. 37(b). The district court, after two months with no response, dismissed the case with prejudice and assessed costs of $500 against the plaintiff, who, in his pleadings, admits to participation in other lawsuits with defendant City and/or other police officers.
 
 
 6
 Plaintiff has given no explanation whatever to the district court nor to this court in his appeal papers for his failure to appear for a deposition nor has he offered to make himself available for a deposition. He states that the district court's order was wrong because "the district court failed to see that the defendants in this case were not cooperating in discovery." (Defendants responded to plaintiff's motion for a more definite statement after answering the complaint).
 
 
 7
 We find no abuse of discretion on the part of the district court under these circumstances. This court reviews a district court's grant or denial of sanctions pursuant to Fed.R.Civ.P. 37 for an abuse of discretion. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976); Regional Refuse Sys. Inc. v. Inland Reclamation Co., 842 F.2d 150, 154 (6th Cir.1988).
 
 
 8
 The record before this court contains evidence of egregious misconduct on Girard's part. Girard failed to appear at his deposition twice, and was once warned before his second failure by the court that he must appear upon penalty of dismissal. The costs assessed against Girard are within the proper discretion of the district court and protect the integrity of the court's pretrial procedures. We find the sanction of a $500 fine not to be unreasonable.
 
 
 9
 The district court's order is hereby AFFIRMED pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.